

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CCC
2010R02238

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

March 28, 2012

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 28 2013   ★

LONG ISLAND OFFICE

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
Central Islip, New York 11722

         Re: United States v. Gershon Barkany
             Magistrate Docket No. 13 MJ 280

Dear Judge Tomlinson:

        The government respectfully submits this letter with
regard to the pre-trial detention of the defendant Gershon
Barkany in the above-captioned matter.  For the reasons detailed
below, the government requests that a permanent order of
detention be issued pursuant to 18 U.S.C. § 3142(e).

                              BACKGROUND

        Earlier today, FBI agents arrested the defendant
Gershon Barkany based on a criminal complaint alleging that the
the defendant defrauded investors by promising to use their money
in "risk-free" deals to purchase, and then immediately re-sell at
a profit, large real estate properties located in New York City
and in New Jersey.  Indeed, as set forth in the complaint,
between January 2009 and December 2010, the defendant induced at
least five investors to give him money, which the defendant told
those investors was going to be used as a down payment to
purchase properties in New York that he would subsequently sell
for a profit.  In total, investors gave the defendant more than
$50 million.  The defendant took investors' monies and paid other
investors, donated it to charity, lost it gambling in Atlantic
City or otherwise used it for his own benefit.

        In one instance, the defendant approached an individual
who he knew from the community, an individual who trusted the
defendant.  He preyed on that trust to convince that investor
victim to give him $46.5 million that was supposed to be used as
a down payment to purchase an office building in Manhattan, a
hotel in Atlantic City and properties in the Bronx and Queens.
The defendant explained that he would find a buyer for those

properties who would pay a higher price before the actual closing resulting in a profit for the defendant and investor.  The defendant assured the investor that the real estate deals were risk free because if the defendant was unable to find a buyer before the closing, the owner of the properties would refund the investor's monies.

The investigation has revealed that the deals discussed above did not exist.  According to one of investor victims, in December 2010, the defendant admitted to him and others that everything that the defendant said about those real estate deals was fabricated.  According to the investor, the defendant admitted that there were no deals and that all the documents that he had provided to the investor were false.

On August 1, 2011, the defendant signed an affidavit in connection with a civil lawsuit in which the defendant admitted that he had defrauded investors.  That affidavit is quoted in the complaint.

In addition, according to the sworn deposition of an attorney who was involved in a transaction with the defendant, the defendant transferred more than $146,000 to an account located in Israel, which appears to have been intended to be used to purchase a property in Israel without the investors' knowledge.  Based on immigration records, the defendant has traveled to Israel and Canada in the last three years.

<u>ARGUMENT</u>

I.   <u>Legal Standard for Detention</u>

"The Bail Reform Act authorizes pretrial detention upon the court's finding that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community.'" <u>United States v. Agnello</u>, 101 F. Supp.2d 108, 109 (E.D.N.Y. 2000); 18 U.S.C. § 3142(f)(1) (requiring the court to conduct a hearing to determine "whether any condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community").  At a detention hearing, the Court shall consider, among other factors, "the available information concerning --"

(1)   The nature and circumstances of the
      offense charged;

    (2)    the weight of the evidence against the
           person;

    (3)    the history and characteristics of the
           person, including --

           (A) the person's character, . . . , past
           conduct, history relating to drug and
           alcohol abuse, criminal history, and
           record concerning appearance at court
           proceedings . . . ; and

           (B) whether, at the time of the current
           offense . . . , the person was on . . .
           probation  . . or on other release . . .
           for an offense under Federal, State, or
           local law; and

    (4)    the nature and seriousness of the danger
           to any person or the community that
           would be posed by the person's release.

18 U.S.C. §3142(g).

        Detention may be ordered on risk-of-flight grounds if
the government establishes such grounds by a preponderance of the
evidence.  United States v. Chimurenga, 760 F.2d 400, 405-06 (2d
Cir. 1985).  Detention may be ordered on dangerousness grounds if
the government establishes such grounds by clear and convincing
evidence.  See 18 U.S.C. § 3142(f)(2).  The rules governing
admissibility of evidence at trial, however, do not apply in a
detention hearing.  Id.; Fed.R.Evid. 1101(d)(3).  Accordingly,
the government submits this evidence by way of proffer.  See
United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000)
(explaining that the government is entitled to proceed by proffer
in a detention hearing); United States v. Ferranti, 66 F.3d 540,
542 (2d Cir. 1995) (same); United States v. Martir, 782 F.2d
1141, 1145 (2d Cir. 1986) (same).

II.  The Factors Set Forth in 3142(g) Militate in Favor of
     Detention Because the Defendant Poses a Risk of Flight

        The defendant should be detained because the
seriousness of the offense, the strength of the evidence, the
defendant's ties to foreign countries and the severity of the
penalties that the defendant faces present a tremendous incentive
to flee.

First, the nature and circumstances of the offense charged weigh heavily in favor of detention.  The seriousness of the offense speaks for itself.  As set forth above and in the criminal complaint, the defendant engaged in a massive fraud, which caused tens of millions of dollars of actual loss.  In fact, one investor sustained losses of $46.5 million.

Second, the weight of the evidence against the defendant is considerable.  Indeed, as set forth above, the defendant admitted to one of the investor victims and others that he had defrauded investors.  The defendant also signed a notarized affidavit in which he confessed to defrauding investors.  Specifically, the defendant affirmed that he "repeatedly engaged in fraudulent and unauthorized practices and conveyances which victimized [investors]" and that he "employed a variety of means in this fraud, including the solicitation of funds for real estate and loan transactions which . . . were not as represented or altogether non-existent."  He further admitted that "[t]he loans and real estate transactions were generally shams, fabricated by [him] to serve as a vehicle to separate [investors] from their money."  Where, as here, the evidence of guilt is strong it provides "a considerable additional incentive to flee."  United States v. Millan, 4 F.3d 1038, 1046 (2d Cir. 1993); see also  United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987) (per curiam) (where "the evidence against defendants is strong, the incentive for relocation is increased").

Third, the defendant has ties to foreign countries.  Specifically, over the last three years, the defendant has traveled to Canada and Israel.  In addition, according to the sworn deposition of an attorney who was involved in a transaction with the defendant, the defendant transferred more than $146,000 to an account located in Israel, which appears to have been intended to be used to purchase a property in Israel without the investors' knowledge.

Finally, the significant term of imprisonment that the defendant faces creates a substantial incentive to flee.  The possibility of a severe sentence is an important factor in assessing a defendant's incentive to flee.  See United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987); Martir, 782 F.2d at 1147 (defendants charged with serious offenses whose maximum combined terms created potent incentives to flee); United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003) (defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond); United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990)

("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight,"); <u>United States v. Dodge</u>, 846 F. Supp. 181, 184-85 (D. Conn. 1994) (possibility of a "severe sentence" heightens the risk of flight). Here, the defendant faces a significant term of imprisonment. Indeed, the maximum term of imprisonment that he could receive is 20 years. The government estimates that the defendant's offense level for Guidelines purposes is 31, resulting in a recommended range of imprisonment of 108 to 135 months, assuming that the defendant falls within Criminal History category I. Accordingly, the defendant has a great incentive to consider flight.

To the extent that the court disagrees with the government's position, the government respectfully asks the Court to require the defendant to post a bail package that is greater than the amount of money that the defendant stole from investors. <u>See</u> <u>United States v. Londono-Villa</u>, 898 F.2d 328, 329 (2d Cir. 1990) (reversing release on bail based on flight risk where bail proposed amounted to much less than the money potentially involved in the crime).

CONCLUSION

For the reasons set forth above, as well as any additional facts that the government will present at the detention hearing, the defendant should be held without bail pending trial.

Respectfully submitted

LORETTA E. LYNCH
United States Attorney

By:    _____/s/_____
Christopher Caffarone
Assistant U.S. Attorney

cc:   Defense Counsel of Record